# COMMONWEALTH OF VIRGINIA

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL25006000-00

RICHMOND CITY Circuit Court

400 NORTH 9TH STREET, RICHMOND 23219-
ADDRESS

TO:

HOME DEPOT U.S.A., INC., CORPORATION SERVICE COMPANY, R
100 SHOCKOE SLIP
2ND FLOOR
RICHMOND, VA 23219-4100

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

DECEMBER 15, 2025
DATE

JEWETT, EDWARD F Clerk

by /S/ JOHNSON, SHELTON
DEPUTY CLERK

Instructions:

Hearing Official:

EXHIBIT
tabbies
A

FORM CC-1400 MASTER 10/13

Uploaded: 2025DEC15 10:22 Filed By:TMELTON on behalf of Bar# 91089 ESPEER Reference: EF-188208
eFiled: 2025DEC15 RICHMOND CITY CC SHJOHNSON at 2025DEC15 15:13 CL25006000-00

VIRGINIA:

IN THE RICHMOND CITY CIRCUIT COURT
Case No:

DEBORAH FULLER, Plaintiff,

v.

HOME DEPOT U.S.A., INC.
Serve: Corporation Service Company,
Registered Agent
100 Shockoe Slip, Floor 2
Richmond, VA 23219-4100
(PRIVATE PROCESS)

Defendant.

# COMPLAINT

## Nature of the Allegations

1. This Complaint arises from serious injuries suffered by Deborah Fuller when she was violently struck by a large and heavy roll of vinyl flooring on or about February 27, 2024 at a Home Depot store.

## Parties

2. Plaintiff Deborah Fuller is a private individual who resides in the Commonwealth of Virginia.

3. On or about February 27, 2024, and at all times material hereto, defendant HOME DEPOT U.S.A., INC. owned, operated, occupied, maintained, leased, managed or otherwise controlled a store located at 7251 Bell Creek Road in Hanover County, Virginia [hereinafter "the Store"].

4. Plaintiff is informed and believes that defendant HOME DEPOT U.S.A., INC. is a stock corporation with a principal office address in Atlanta, Georgia and is, and at all relevant

times was, authorized and registered to do business in the Commonwealth of Virginia as a business entity.

5. Defendant HOME DEPOT U.S.A., INC. [hereinafter "HOME DEPOT U.S.A."] regularly conducts substantial business activity in the City of Richmond, Virginia, and has appointed an agent to receive service of process in the City of Richmond, Virginia; therefore, venue is proper in this Court.

**Count I – Negligence**

6. Plaintiff repeats and realleges the prior allegations as if set forth fully herein.

7. At that time and place, and at all times relevant hereto, Defendant operated The Store by and through its agents, servants and employees, acting at all times material hereto within the course and scope of their agency and/or employment.

8. On or about February 27, 2024, at all times material hereto, Plaintiff was lawfully on the premises of the Store for the purpose of purchasing items therein.

9. At that time and place, Plaintiff was the Defendant's invitee.

10. At that time and place, Plaintiff had selected several twelve (12) foot long rolls of vinyl flooring ("the Merchandise") for purchase.

11. At that time and place, Plaintiff requested assistance from an employee of HOME DEPOT U.S.A. in order to transport the Merchandise to the cash registers at the front of the Store so that she could pay for the Merchandise.

12. At that time and place, HOME DEPOT U.S.A., by and through its employee, loaded the Merchandise into a standard-size shopping cart ("the Cart").

13. At all times relevant hereto, the Merchandise was protruding and/or overhanging the Cart by approximately nine (9) feet.

14. At that time and place, HOME DEPOT U.S.A., by its employee, acknowledged that the Cart was unsuitable for the Merchandise and was not designed to carry twelve (12) foot long rolls of vinyl flooring.

15. At that time and place, HOME DEPOT U.S.A., by its employee, acknowledged that a platform cart was more suitable to transport the Merchandise, but that she was unable to find one.

16. At that time and place, HOME DEPOT U.S.A., by its employee, acknowledged that the Cart, inappropriately loaded with the Merchandise, was unstable.

17. At that time and place, HOME DEPOT U.S.A., by its employee, provided Plaintiff with instructions on how to "steady the load" as she pushed the Cart forward towards the cash registers at the front of the Store.

18. At that time and place, HOME DEPOT U.S.A., by its employee, acknowledged that the Cart, inappropriately loaded with the Merchandise, was difficult to turn and/or maneuver towards the cash registers at the front of the Store.

19. At that time and place, HOME DEPOT U.S.A., by its employee, informed Plaintiff that once Plaintiff arrived at the cash registers at the front of the Store, another employee of HOME DEPOT U.S.A. would transfer the Merchandise to a more suitable platform cart.

20. At that time and place, the employee of HOME DEPOT U.S.A. acknowledged that the Merchandise was too heavy and too long to be transported in the Cart.

21. At that time and place, upon arriving at the front of the Store, a cashier employee of HOME DEPOT U.S.A. summoned Plaintiff to push the Cart through his line to pay for the Merchandise.

22. At that time and place, the employee, agent, and/or servant of HOME DEPOT U.S.A. attempted to assist Plaintiff in turning and/or maneuvering the Cart towards his cash register.

23. At that time and place, the employee, agent, and/or servant of HOME DEPOT U.S.A. swung the cart toward Plaintiff, causing the Merchandise protruding from the Cart to strike Plaintiff with great force and violence, throwing her to the floor.

24. Defendant HOME DEPOT U.S.A. by and through its agents, servants, and employees, carelessly, recklessly, and negligently failed to exercise reasonable care in loading the Merchandise into the Cart.

25. Defendant HOME DEPOT U.S.A. by and through its agents, servants, and employees, carelessly, recklessly, and negligently failed to secure the Merchandise in the Cart.

26. Defendant HOME DEPOT U.S.A. by and through its agents, servants, and employees, carelessly, recklessly, and negligently failed to exercise reasonable care in selecting a standard-size shopping cart for the purpose of transporting the Merchandise to the front of the Store.

27. Defendant HOME DEPOT U.S.A. by and through its agents, servants, and employees, carelessly, recklessly, and negligently failed to exercise reasonable care in not searching for and/or locating a platform cart within the Store for the purpose of transporting the Merchandise to the front of the Store.

28. Defendant HOME DEPOT U.S.A. by and through its agents, servants, and employees, carelessly, recklessly, and negligently failed to provide Plaintiff with an alternative, safe means to transport the Merchandise to the front of the Store.

29. Defendant HOME DEPOT U.S.A. by and through its agents, servants, and employees, carelessly, recklessly, and negligently failed to exercise reasonable care by instructing

Plaintiff to push the inadequately sized and improperly loaded Cart towards the front of the Store in order to pay for the Merchandise.

30. Defendant HOME DEPOT U.S.A. carelessly, recklessly, and negligently failed to have and/or implement policies, procedures, and training for its employees concerning safety procedures for handling and/or transporting large merchandise.

31. Defendant HOME DEPOT U.S.A. had a duty to promulgate and enforce rules and regulations to ensure its agents, servants, and/or employees handled large merchandise in a reasonably safe manner, and negligently failed to do so.

32. Defendant HOME DEPOT U.S.A. had a duty to train its agents, servants, and/or employees to ensure their handling of large merchandise was reasonably safe, and negligently failed to do so.

33. Defendant HOME DEPOT U.S.A. and its agents, servants, and/or employees had a duty not to injure invitees, such as the Plaintiff, through active negligence.

34. Defendant HOME DEPOT U.S.A.'s agent, servant, and/or employee, carelessly, recklessly, and negligently caused the Merchandise and Cart to violently strike the Plaintiff when maneuvering the Cart.

35. Defendant HOME DEPOT U.S.A.'s agent, servant, and/or employee, carelessly, recklessly, and negligently failed to keep a proper lookout as he swung the cart toward Plaintiff, striking her with the Merchandise protruding from the Cart.

36. Defendant HOME DEPOT U.S.A.'s agent, servant, and/or employee, carelessly, recklessly, and negligently failed to use reasonable care when maneuvering the Cart toward Plaintiff, striking her with the Merchandise protruding from the Cart.

37. The above-described incident and the resulting damages and injuries were directly and proximately caused by Defendant's carelessness, recklessness and negligence as described herein.

38. At all times relevant hereto, Plaintiff Deborah Fuller was free from contributory negligence of any kind.

39. As a proximate result of the above-described collision, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has incurred other damages.

WHEREFORE, Plaintiff demands judgment against the defendant, in the sum of TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), plus pre-judgment and post-judgment interest and costs.

DEBORAH FULLER

BY: Eric W. Speer
Of Counsel

Eric Speer (VSB No.: 91089)
ALLEN, ALLEN, ALLEN & ALLEN
1809 Staples Mill Rd.
Richmond, VA 23230
Telephone/Fax: (804) 257-7510
eric.speer@allenandallen.com

Bridget Long (VSB No.: 42963)
ALLEN, ALLEN, ALLEN & ALLEN
6509 Mechanicsville Turnpike, Suite F
Mechanicsville, Virginia 23111
Telephone/Fax: (804) 324-4026
bridget.long@allenandallen.com

*Attorneys for Plaintiff*

Uploaded: 2025DEC15 10:22 Filed By:TMELTON on behalf of Bar# 91089 ESPEER Reference: EF-188208
eFiled: 2025DEC15 RICHMOND CITY CC SHJOHNSON at 2025DEC15 15:13 CL25006000-00

VIRGINIA:

IN THE RICHMOND CITY CIRCUIT COURT
Case No:

DEBORAH FULLER, Plaintiff,

v.

HOME DEPOT U.S.A., INC.

Defendant.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff, by counsel, pursuant to Rule 4:8 of the Supreme Court of Virginia, propounds the following Interrogatories to defendant HOME DEPOT U.S.A., INC. to be answered fully, in writing under oath, within twenty-eight (28) days of service hereof.

DEFINITIONS AND INSTRUCTIONS

a. Each of the Interrogatories is deemed to be continuing in nature. These definitions and instructions are provided to aid in understanding these Interrogatories and are intended to avoid ambiguity. They are not intended to broaden the scope of allowable discovery allowed under the applicable rules. These definitions will apply to the following Interrogatories and all future Interrogatories propounded by the Plaintiff.

b. In the event that at any later date or time you obtain any additional facts, obtain or make any assumptions, or reach any conclusions, opinions or contentions that are different from or in addition to those set forth in the answers to Interrogatories in accordance with the request, plaintiff demands defendant to amend the answers to the Interrogatories promptly and sufficiently

to set forth fully such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to the Rules of the Supreme Court of Virginia.

c. The word "document or things" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph, index, tape data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

d. The words "identify" or "identity," when used in reference to a person, means that you are being asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the occurrence alleged in the Complaint. When used in reference to a document, the words "identify" or "identity" means that you are being asked to state the type of document, its date and author and its present location or custodian. If any document being identified is no longer within your possession or under your control, please state what happened to it.

e. Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

f. Where knowledge or information in possession of a party is requested, such request indicates knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, his attorneys.

g. The terms "describe," "detail" or "indicate" as used herein require that each and every discoverable fact be communicated with particularity. Where you are asked to describe a

document or thing, please respond with such particularity so that your description would be sufficient for a Motion to Produce.

h. The pronoun "you" refers to the party to whom these Interrogatories are addressed including defendants which are entities, corporations, partnerships, sole proprietorships, associations and the like; the pronoun "you" further refers to agents, servants, and employees of the party defendant.

i. Where appropriate, the masculine gender may be substituted for the feminine gender or vice versa, and the singular may be substituted for the plural or vice versa.

j. The term "occurrence" means the incident and/or accident sued upon herein as described in plaintiff's Complaint.

**INTERROGATORIES**

1. State the full name of each defendant corporation or entity, the state of incorporation, and name and address of each registered agent, if corporation; general partners, if partnership, or officers, if an unincorporated association.

**ANSWER:**

2. State the name, address, named insured, and policy limits of any liability insurance carrier that afforded coverage to you for the occurrence. If there are any questionable liability insurance coverages, state the insurance company, policy number and named insured and state the basis for denying or questioning the coverage that might otherwise be afforded.

**ANSWER:**

3. Identify each and every eyewitness to the occurrence known to you, any insurance carrier affording you coverage, or your counsel.

**ANSWER:**

4. Identify each person (not an eyewitness) having any knowledge of events leading up to or concerning the occurrence, including persons interviewed by or known to you, any insurance carrier affording you coverage, or your counsel.

**ANSWER:**

5. State whether Plaintiff made any statements, written or oral, concerning this action or its subject matter, including statements taken, written, prepared, obtained or overheard by defendant or by agents, servants and/or employees of defendant's liability insurance carrier. Identify such statements and their custodian or other person to whom such statements were made. Recite Plaintiff's statements below.

**ANSWER:**

6. Identify each person you expect to call as an expert witness at trial of this matter, stating the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

7. If you contend that any other person, business, corporation or entity was at fault in causing the occurrence, identify each such person, business, corporation or entity and give all facts on which you intend to rely to prove such other person, business, corporation or entity was involved.

**ANSWER:**

8. Describe each complaint, report or other communication between defendant or any agent, employee or other representative and any other person concerning the condition of the area where Plaintiff was injured, identifying each such other person and the date of such communication.

**ANSWER:**

9. If you or any person had any conversation with the Plaintiff or have any knowledge of any statements made by the Plaintiff, please identify all persons present during any such conversation or statement and exactly what was said by the Plaintiff.

**ANSWER:**

10. Identify each policy of insurance which might afford liability coverage to you for the occurrence. For each policy, state the name and address of the named insured and of the insurance company, the policy number, the policy period, and the limits of liability coverage for personal injuries and property damage, the limits of any premises med pay coverage, and whether question or doubt exists as to your rights under the policy.

**ANSWER:**

11. If you allege that the Plaintiff was guilty of negligence which proximately caused or contributed to cause the occurrence or injuries suffered by the Plaintiff, please state all facts on which you will rely as tending to show that the Plaintiff was negligent and please state the name and address of all persons having relevant knowledge of such.

**ANSWER:**

12. If you or any agent or employee made or gave any statement, whether oral or written, to anyone regarding the happening of the occurrence, please state the name and address of each person to whom you made or gave any such statements, the date of such statements, the name and address of each person knowing, having possession of or custody of any such statement, and the substance and content, as best you recall of each such statement.

**ANSWER:**

13. If you know of any photographs taken of the scene of the occurrence, state the name and address of the person taking said photographs, what said photographs depict, and the name and address of the persons currently in possession of such.

**ANSWER:**

14. State all facts you rely upon to support your denial of any allegation contained in plaintiff's Complaint.

**ANSWER:**

15. State all facts you rely upon to support any and all affirmative defenses you assert in your Answer, stating which facts relate to each asserted affirmative defense.

**ANSWER:**

16. If you contend that any or all of the injuries claimed by the Plaintiff are not the result of the occurrence, please describe in complete detail the basis of this contention, all facts which support this contention, which specific injuries you contend are unrelated and the specific event, if any, you contend brought about any unrelated injuries.

**ANSWER:**

17. If you contend that any of the medical treatment received by the Plaintiff subsequent to the occurrence and claimed herein as damages was not reasonable, not medically necessary, or not causally related to the occurrence, please describe in complete detail the basis for this contention, identify all persons having knowledge of any facts which support such contention, and identify all documents which in any way support such contention.

**ANSWER:**

18. State all facts, describe all circumstances, and identify all documents upon which you rely to support a contention that any claimed medical bills are not authentic; were not reasonable in amount; were not incurred for treatment that was reasonably necessary to cure, ameliorate injuries, or relieve suffering; and/or were not rendered necessary to treat a medical condition proximately resulting from the occurrence, and also identify all persons with knowledge of any such facts, circumstances, and documents.

**ANSWER:**

19. If you or anyone acting in your behalf has performed, ordered or coordinated any observations or surveillance of the Plaintiff since the occurrence, please provide the date of such, the nature of such, the activities observed, and the name, business and home address and telephone number of the persons conducting, coordinating and/or having knowledge of such.

**ANSWER:**

DEBORAH FULLER

BY: *Eric W. Speer*
Of Counsel

Eric Speer (VSB No.: 91089)
ALLEN, ALLEN, ALLEN & ALLEN
1809 Staples Mill Rd.
Richmond, VA 23230
Telephone: (804) 257-7510
Facsimile: (804) 257-7510
eric.speer@allenandallen.com

Bridget Long (VSB No.: 42963)
ALLEN, ALLEN, ALLEN & ALLEN
6509 Mechanicsville Turnpike, Suite F
Mechanicsville, Virginia 23111
Telephone: (804) 324-4026
Facsimile: (804) 324-4026
bridget.long@allenandallen.com
*Attorneys for Plaintiff*

VIRGINIA:

IN THE RICHMOND CITY CIRCUIT COURT
Case No:

DEBORAH FULLER, Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

Defendant.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT**

Plaintiff, by counsel, pursuant to Rule 4:8 of the Supreme Court of Virginia, propounds the following Requests for Production of Documents and Things to defendant HOME DEPOT U.S.A., INC. to be answered fully, in writing under oath, within twenty-eight (28) days of service hereof.

DEFINITIONS AND INSTRUCTIONS

a. Each of these Requests is deemed to be continuing in nature. These definitions and instructions are provided to aid in understanding these Requests for Production and Things and are intended to avoid ambiguity. They are not intended to broaden the scope of allowable discovery allowed under the applicable rules. These definitions will apply to the following Requests for Production and all future Requests for Production propounded by the Plaintiff.

b. The word "document or thing" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph, index, tape data sheet or data processing card, or any other written, recorded, transcribed,

punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

c. The words "identify" or "identity," when used in reference to a person, means that you are being asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the occurrence alleged in the Complaint. When used in reference to a document, the words "identify" or "identity" means that you are being asked to state the type of document, its date and author and its present location or custodian. If any document being identified is no longer in your possession or under your control, please state what happened to it.

d. The term "occurrence" means the incident and/or accident sued upon herein as described in plaintiff's Complaint.

e. The pronoun "you" refers to the party to whom these Interrogatories are addressed including defendants which are entities, corporations, partnerships, sole proprietorships, associations and the like; the pronoun "you" further refers to agents, servants, and employees of the party defendants.

f. Where appropriate, the masculine gender may be substituted for the feminine gender or vice versa, and the singular may be substituted for the plural or vice versa.

**REQUESTS FOR PRODUCTION**

1. Any and all statements taken from the persons identified in response to Interrogatory No. 3.

**RESPONSE:**

2. Any and all statements taken from the persons identified in response to Interrogatory No. 4.

**RESPONSE:**

3. Any and all statements identified in response to Interrogatory No. 5.

**RESPONSE:**

4. Any photographs, videotapes, movies or similar materials depicting the scene involved in the occurrence.

**RESPONSE:**

5. Any drawings, maps, diagrams, sketches or similar document depicting the premises in the near vicinity of the occurrence.

**RESPONSE:**

6. Any and all insurance agreements, policies or indemnity agreements under which any person or corporation insuring or indemnifying the defendant, their agents or representatives may be liable to satisfy any judgment which may be rendered in this action, or to reimburse or indemnify for payments made to satisfy such judgment.

**RESPONSE:**

7. Any and all contracts or written agreements of any kind between the defendant and any person, party, corporation or other entity arising out of and/or relating to the services provided to Plaintiff on the date of the occurrence.

**RESPONSE:**

8. All medical records, employment records or other documents obtained by subpoena duces tecum or other discovery during the course of this litigation.

**RESPONSE:**

9. Any and all documents which defendant will attempt to introduce at trial.

**RESPONSE:**

10. Any and all documents identified or relied upon in answers to Plaintiff's First Interrogatories.

**RESPONSE:**

11. All Insurance Services Office (ISO) Reports and insurance indexing information regarding Plaintiff.

**RESPONSE:**

DEBORAH FULLER

BY: Eric W. Speer
Of Counsel

Eric Speer (VSB No.: 91089)
ALLEN, ALLEN, ALLEN & ALLEN
1809 Staples Mill Rd.
Richmond, VA 23230
Telephone: (804) 257-7510
Facsimile: (804) 257-7510
eric.speer@allenandallen.com

Bridget Long (VSB No.: 42963)
ALLEN, ALLEN, ALLEN & ALLEN
6509 Mechanicsville Turnpike, Suite F
Mechanicsville, Virginia 23111
Telephone: (804) 324-4026
Facsimile: (804) 324-4026
bridget.long@allenandallen.com
*Attorneys for Plaintiff*